UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH LEE; and
MICHAEL SPIGNESE,

    *Plaintiffs,*                   CASE NO.:

v.

FARLINIUM LLC,

    *Defendant.*
_____/

## COMPLAINT

Plaintiffs Kenneth Lee and Michael Spignese files this Complaint against their former employer, Farlinium LLC as follows:

## INTRODUCTION

1. Lee was born in 1963 and Spignese in 1968.

2. On March 13, 2024, Defendant ended their employment solely because of their age.

3. Plaintiffs seek damages for discrimination in violation of the Age Discrimination in Employment Act of 1967 ("**ADEA**") and applicable state law corollaries that prohibit age discrimination.

## PARTIES

4. Plaintiff Lee is a resident of Allegheny County, Pennsylvania. At all times material, he was an employee of Defendant working from Pennsylvania.

5. Plaintiff Spignese is a resident of Cook County, Illinois. At all times material, he was an employee of Defendant working from Illinois.

6. Defendant is a Florida limited liability company with its principal address in Pinellas County, Florida. At all times material, Defendant was Plaintiffs' employer. Plaintiffs' checks were issued from Pinellas County, Florida. The decision to hire and fire Plaintiffs came from Defendant's principal and CEO, Farzad Aref ("**Aref**") who resides in Pinellas County, Florida.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for claims arising under 29 U.S.C. § 623.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims because they are so closely related to their respective ADEA claims that they form part of the same case or controversy. 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendant because Defendant continuously conducts business within this District.

10. Venue is proper because Defendant is subject to personal jurisdiction in this District and because the acts complained of and giving rise to the claims occurred in this District.

## CONDITIONS PRECEDENT

11. Lee timely dual filed charge of discrimination with the EEOC. This timely suit comes less than 90 days from the issuance of a Right to Sue by the EEOC. All conditions precedent have been satisfied for Lee's claims herein.

2

12. Spignese timely dual filed charge of discrimination with the EEOC. This timely suit comes less than 90 days from the issuance of a Right to Sue by the EEOC. All conditions precedent have been satisfied for Spignese's claims herein.

## GENERAL ALLEGATIONS

13. Defendant provides software implementations and consulting services.

**A.** *Lee Joins Defendant*

14. In February 2023, Lee joined Defendant as an Enterprise Account Executive. In this role, Lee reported directly to Aref. During Lee's onboarding discussions with Farzad, Farzad questioned Lee's longevity for the role he was taking and whether Lee was too old to start something new and sustain it for multiple years. Lee assured Farzad that he was not too old and that he was looking forward to working with Defendant far into the future.

15. In the year 2023, Lee achieved 204% of his sales quota. Despite this, Farzad commented that Lee lacked the "stamina" and "energy" for his position.

**B.** *Spignese Joins Defendant*

16. In October 2023, Spignese was laid off from his job. He had worked closely with Aref in the past, as Defendant was a vendor for Spignese's former employer.

17. Defendant offered Spignese a consulting position. In that role, Plaintiff was to report directly to Aref.

18. Spignese immediately set about improving processes for Defendant.

19. Spignese exceeded his sales targets in the months of November and December 2023, helping secure the viability of the Company in the process.

20. Due to his success, Spignese was promoted to Vice President of Sales in January 2024.

21. Immediately, Aref demanded that Spignese switch his PC to a Mac. Spignese found this odd as none of his work required a Mac computer. Aref called Spignese a "dinosaur".

C. *Plaintiffs are Terminated in March 2024 Due to Their Age*

22. Plaintiffs were given a very aggressive sales target for 2024.

23. Spignese voiced concerns to Aref about the long-term viability of hitting sales targets as certain sales had been backdated from Q1 2024 to Q4 2023.

24. Plaintiffs continued to secure significant revenue for Defendant, and Spignese's sales team was on pace to achieve its first quarter sales target.

25. On March 13, 2024, with no prior warning and no prior indication of any performance issues with either Plaintiff, Defendant terminated both Plaintiffs.

26. Defendant had fired its two oldest employees.

27. Lee was qualified for his position with Defendant. For example, at the time of his termination, Lee was on pace to exceed his Q1 2024 sales quota.

28. Spignese was qualified for his position. At the time of his termination, Spignese was on pace to exceed his Q1 2024 sales quota.

29. Defendant did not give Lee a reason for his termination.

30. Defendant did not give Spignese a reason for his termination.

31. Both Plaintiffs were replaced by individuals significantly younger than they were.

32. Defendant transitioned all of the accounts worked by Plaintiffs to employees of Defendant that are substantially younger than Plaintiffs.

## COUNT I
## VIOLATION OF ADEA (DISCRIMINATION)
## Lee against Defendant

33. Lee repeats and realleges Paragraphs 1-4, 6-11, 13-15, 22-27, 29, and 31-32 as if fully set forth herein.

34. Defendant's conduct detailed above constitutes age discrimination in violation of the ADEA.

35. Lee is over 40 and a protected employee under the ADEA.

36. Lee suffered an adverse employment action when he was forced out of his job because of his age.

37. But for Lee's age, Defendant would not have engaged in such conduct.

38. Defendant's conduct was willful.

39. Defendant's ownership and management were aware of Defendant's conduct.

40. Defendant acted with malice or reckless indifference to Lee's rights.

41. Defendant's management (through Aref and otherwise) knowingly countenanced or approved of age discrimination, as exhibited by Defendant's termination of Lee and failure to identify any lawful reason for his termination.

42. As a direct and proximate result of Defendant's conduct, Lee has suffered, and will continue to suffer, damages.

43. Lee is entitled to damages to the fullest extent permitted by the ADEA.

## COUNT II
## VIOLATION OF FCRA (AGE DISCRIMINATION)
### Lee against Defendant

44. Lee repeats and realleges Paragraphs 1-4, 6-11, 13-15, 22-27, 29, and 31-32 as if fully set forth herein.

45. Lee, a person above the age of 40, is a protected employee under the Florida Civil Rights Act of 1992 ("**FCRA**").

46. Lee suffered an adverse employment action when he was forced out of his job simply for his age.

47. But for Lee's age, Defendant would not have engaged in such conduct.

48. Defendant, through its ownership and management, countenanced or approved of the discrimination Lee was subjected to.

49. Defendant acted with malice or with reckless indifference to Lee's rights. Further, Defendant's ownership knowingly countenanced or approved of age discrimination, as exhibited by his termination and failure to identify any lawful reason for his termination.

50. As a proximate and direct result of Defendant's conduct, Lee has suffered, and will continue to suffer, damages including emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities.

51. Accordingly, Lee is entitled to compensatory and punitive damages, to the fullest extent permitted by the FCRA.

### COUNT III
### VIOLATION OF ADEA (DISCRIMINATION)
### Spignese against Defendant

52. Spignese repeats and realleges Paragraphs 1-3, 5-10, 12-13, 16-26, 28, and 30-32 as if fully set forth herein.

53. Defendant's conduct detailed above constitutes age discrimination in violation of the ADEA.

54. Spignese is over 40 and a protected employee under the ADEA.

55. Spignese suffered an adverse employment action when he was forced out of his job because of his age.

56. But for Spignese's age, Defendant would not have engaged in such conduct.

57. Defendant's conduct was willful.

58. Defendant's ownership and management were aware of Defendant's conduct.

59. Defendant acted with malice or reckless indifference to Spignese's rights.

60. Defendant's management (through Aref and otherwise) knowingly countenanced or approved of age discrimination, as exhibited by Defendant's termination of Spignese and failure to identify any lawful reason for his termination.

61. As a direct and proximate result of Defendant's conduct, Spignese has suffered, and will continue to suffer, damages.

62. Spignese is entitled to damages to the fullest extent permitted by the ADEA.

## COUNT IV
## VIOLATION OF FCRA (AGE DISCRIMINATION)
### Spignese against Defendant

63. Spignese repeats and realleges Paragraphs 1-3, 5-10, 12-13, 16-26, 28, and 30-32 as if fully set forth herein.

64. Spignese, a person above the age of 40, is a protected employee under the FCRA.

65. Spignese suffered an adverse employment action when he was forced out of his job simply for his age.

66. But for Spignese's age, Defendant would not have engaged in such conduct.

67. Defendant, through its ownership and management, countenanced or approved of the discrimination Spignese was subjected to.

68. Defendant acted with malice or with reckless indifference to Spignese's rights. Further, Defendant's ownership knowingly countenanced or approved of age discrimination, as exhibited by his termination and failure to identify any lawful reason for his termination.

69. As a proximate and direct result of Defendant's conduct, Spignese has suffered, and will continue to suffer, damages including emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities.

70. Accordingly, Spignese is entitled to compensatory and punitive damages, to the fullest extent permitted by the FCRA.

## COUNT V
## VIOLATION OF IHRA (AGE DISCRIMINATION)
### Spignese against Defendant

71. Spignese repeats and realleges Paragraphs 1-3, 5-10, 12-13, 16-26, 28, and 30-32 as if fully set forth herein.

72. Spignese, a person above the age of 40, is a protected employee under the Illinois Human Rights Act ("**IHRA**").

73. Spignese suffered an adverse employment action when he was forced out of his job simply for his age.

74. But for Spignese's age, Defendant would not have engaged in such conduct.

75. Defendant, through its ownership and management, countenanced or approved of the discrimination Spignese was subjected to.

76. Defendant acted with malice or with reckless indifference to Spignese's rights. Further, Defendant's ownership knowingly countenanced or approved of age discrimination, as exhibited by his termination and failure to identify any lawful reason for his termination.

77. As a proximate and direct result of Defendant's conduct, Spignese has suffered, and will continue to suffer, damages including emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities.

78. Accordingly, Spignese is entitled to compensatory and punitive damages, to the fullest extent permitted by the IHRA.

## REQUEST FOR RELIEF

Plaintiff Lee respectfully requests the Court enter judgment in his favor as follows:

a. Back and front pay resulting from Defendant's violations of the ADEA to the fullest extent permitted by law;

b. Liquidated damages resulting from Defendant's violations of the ADEA to the fullest extent permitted by law;

c. Back and front pay resulting from Defendant's violation of the FCRA to the fullest extent permitted by law;

d. Compensatory and punitive damages resulting from Defendant's violations of the FCRA to the fullest extent permitted by law;

e. Pre-judgment and post-judgment interest;

f. An award of costs and reasonable attorneys' fees; and

g. Such other relief as this Court deems just and proper.

Plaintiff Spignese respectfully requests the Court enter judgment in his favor as follows:

a. Back and front pay resulting from Defendant's violations of the ADEA to the fullest extent permitted by law;

b. Liquidated damages resulting from Defendant's violations of the ADEA to the fullest extent permitted by law;

c. Back and front pay resulting from Defendant's violation of the FCRA to the fullest extent permitted by law;

d. Compensatory and punitive damages resulting from Defendant's violations of the FCRA to the fullest extent permitted by law;

e. Back and front pay resulting from Defendant's violation of the IHRA to the fullest extent permitted by law;

f. Compensatory and punitive damages resulting from Defendant's violations of the IHRA to the fullest extent permitted by law;

g. Pre-judgment and post-judgment interest;

h. An award of costs and reasonable attorneys' fees; and

i. Such other relief as this Court deems just and proper.

Dated: September 12, 2025                         Respectfully submitted,

By: */s/ Christopher S. Prater*
Christopher S. Prater
Florida Bar No.: 105488
cprater@pollardllc.com
**LEAD COUNSEL**

Jonathan E. Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com

**Pollard PLLC**
401 E. Las Olas Blvd., #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorneys for Plaintiff Michael Spignese and Kenneth Lee*